IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Tracy Barnes, #08515-021 | C/A No.: 1:18-1181-JFA |
|---|---|
| Petitioner, | |
| vs. | **ORDER** |
| Travis Bragg, Warden, | |
| Respondent. | |

## I. INTRODUCTION

Tracy Barnes, (Petitioner), proceeding *pro se*, is an inmate incarcerated at a Federal Correctional Institution. Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

## II. LEGAL STANDARD

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Petition in this case without prejudice for lack of jurisdiction. (ECF No. 11). The Report sets forth, in

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

1

detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2,

2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Petitioner was advised of his right to object to the Report, which was entered on the docket on June 14, 2018. (ECF No. 11). The Court granted Petitioner's Motion for Extension of Time to file objections to the Report. (ECF No. 15). Petitioner filed his objections to the Report on August 7, 2018. (ECF No. 17). Thus, this matter is ripe for review.

**III. DISCUSSION**

Petitioner fails to make any arguments that could be construed as specific objections to the Magistrate Judge's Report. *See* (ECF No. 17). Petitioner's three pages of objections are an almost identical replica of a section in his memoranda attached to his 28 U.S.C. § 2241 petition. *See* (ECF No. 10-2 pp. 11–13).[2] The Magistrate Judge fully considered these arguments and thoroughly discussed why Petitioner's § 2241 does not fall within the scope of the § 2255 savings clause and why this Court lacks jurisdiction. *See* (ECF No. 11).

Petitioner does not contest the findings by the Magistrate Judge. *See* (ECF No. 17). Petitioner does not address the Report in his arguments. *Id*. Petitioner simply reasserts the

---

[2] The only "new language" in his objections is the recitation of 29 U.S.C. § 994(h)(2). (ECF No. 17 pp. 2–3). A mere citation to a statute is not a specific objection to the Magistrate's Report. *See Workman v. Perry*, 2017 WL 4791150, at *1.

exact arguments and language from his § 2241 Petition. *Id*. A reassertion of arguments from the Petition and mere citation to legal authorities does not direct the Court to any specific error in the Magistrate Judge's Report and is not a specific objection. *See Workman v. Perry*, 2017 WL 4791150, at *1. Without specific objections to the Report, this Court is not required to give an explanation for adopting the Magistrate's Report. *See Camby*, 718 F.2d at 199.

## III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 11). Petitioner's § 2241 petition is thus dismissed without prejudice and without requiring the respondent to file a return.

IT IS SO ORDERED.

August 8, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge